**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 96-20721
(Summary Calendar)

JAN SCHNEIDER,

Plaintiff-Appellant/
Cross-Appellee,

versus

PERLEY-ROBERTSON, PANET, HILL
& MCDOUGALL, A PARTNERSHIP;
A. DELOTBINIERE PANET; DAVID H.
HILL; THOMAS A. MCDOUGALL; TREVOR
C. KLOTZ; RAY SIMSER; PAUL B. KANE;
GRANT A JAMESON; PAUL G. BREGMAN;
ROGER B. TUCKER; MICHAEL A GERRIOR;
MARY F. OMEROD; ANNE L. MCTAVISH;
RICHARD A. WAGNER; D. JOHN NACCARATO;
HUGH BLAKENEY; DAVID MIGICOVSKY;
JOHN W. DICKIE; ANNETTE J. NICHOLSON;
ANTHONY P. MCGLYNN; KATHERYN L. SHADBOLT;
BARBARA J. NICHOLS; R. AARON RUBINOFF;
MARGARET I. THOMAS; RIMGATE HOLDINGS
LTD; IAN A. MCDOUGALL,

Defendants-Appellees/
Cross-Appellants.

Appeal from the United States District Court
for the Southern District of Texas
(CA H-94-2892)

April 9, 1997

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The litigation of which this appeal is the sole remaining shard has involved numerous law firms and untold lawyers throughout many of the several states and Canada. The original parties litigant and the issues that provoked the substantive litigation in the first place have faded into the mist of history, as has the first round of subsequent litigation and wrangling over division of the attorneys' fees earned in that original, substantive litigation. Unseemly as it is, all that is now before us —— wasting judicial resources, expending assets of attorneys who now are clients of other attorneys, and presenting a sorry spectacle of the entire profession —— is the question whether the district court that most recently touched this matter committed reversible error in awarding attorneys' fees to Plaintiff-Appellant Jan Schneider ("Schneider") incurred in recovering her attorneys' fees from the original litigation; and, more importantly, whether the court erred reversibly in the methodology employed (more accurately, not employed) in determining the dollar amount awarded. Mercifully, both Schneider and Defendants-Appellees ("Perley-Robertson, et al.") have finally agreed on two points: first, that oral argument

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

is not needed to assist us in deciding this appeal; and, second, that we should remand this matter to the district court, given its failure to comply with the methodology mandated by this court's jurisprudence, principally Johnson v. Georgia Highway Express, Inc.,[1] and its progeny. We agree on both counts.

I

A.

First, we dismiss as meritless and legally frivolous the cross-appeal of Perley-Robertson, et al.

Second, we affirm the portion of the order of the district court appealed from —— its Order of June 26, 1996 —— which concludes that Schneider "should be awarded reasonable and necessary legal fees and costs."

Third, we reverse and remand the portion of the order appealed from that specifies the quantum of the legal fees and costs awarded to Schneider. Regrettably, there is nothing in that all-too-brief order —— or elsewhere —— to indicate what the district court may have considered in arriving at its lump sum award of $50,000. Not only are we unable to correlate that sum with anything in the record, the court's ruling is bereft of any information that might give us a clue as to how it arrived at that amount.[2]

B.

---

[1] 488 F.2d 714 (5th Cir. 1974) (en banc).

[2] This Order is not accompanied or preceded by an opinion of the court.

Generally, for us to hold that the district court has abused its discretion there must be some indication that the court has endeavored to exercise its discretion. In this instance, the court has favored us with no indicia that such an effort was made. Fortunately, though, when it comes to fixing the quantum of reasonable attorneys' fees, <u>Johnson</u> teaches that failure of the district court to consider its factors constitutes an abuse of discretion.[3] Our general practice when, as here, we encounter an award of attorneys' fees and costs that has been granted by the district court without following the methodology required by the clear jurisprudence of this court, is to remand that issue to the district court with instructions to follow that methodology and explicate that exercise in sufficient detail for us to review it on appeal. We have, on those rare occasions when the record on appeal was sufficient to permit us to address the appropriate factors and calculate reasonable fees and costs ourselves, determined the amounts of such fees and costs, and rendered rather than remanded. When we have done so it has been in the interest of preserving judicial resources, avoiding costs to the litigants, and preventing additional waste of time. Although the record on appeal now before us is sufficient for us to perform the exercise required by our own decisions and calculate the appropriate fee at this level, we choose instead to follow our customary practice and remand only the

---

[3] <u>Johnson v. Georgia Highway Express</u>, 488 F.2d at 719-20.

4

issue of quantum to the district court so that it will have the first opportunity to apply the appropriate procedure and determine the appropriate amount.

## II

### A.

On remand, the district court should follow our mandated methodology —— of which Schneider's appellate brief constitutes an excellent road map that the court would do well to follow —— and (1) calculate truly reasonable legal fees and costs; (2) explicate in detail the steps taken and reasoning followed in applying that methodology to the relevant facts; and (3) award the amount thus calculated to Schneider. As we reject out of hand the arguments made by Perley-Robertson, et al., in their briefs on appeal, we suggest that the district court would be better served to do the same, lest confusion or obfuscation result. In this regard we observe that Perley-Robertson, et al., elected not to controvert the detailed data submitted by Schneider in support of the quantum of the reasonable fees and costs that she seeks to recover. As such, Perley-Robertson, et al., have irrevocably forfeited their right to do so. Consequently, on remand the district court shall treat such submissions by Schneider as uncontradicted.

### B.

Also in keeping with our usual practice, we instruct the district court to calculate and award additional reasonable attorneys' fees and costs to Schneider to compensate her for those

incurred in connection with this appeal and those to be incurred in connection with the forthcoming proceedings in the district court on remand; and to employ the same methodology in so doing. Schneider shall file with the district court appropriate documentation to support awards of such additional fees and costs.

## C.

Finally, we caution Perley-Robertson, et al, that, in light of our view that their filings and arguments in this appeal are unmeritorious and legally frivolous (except for their agreement that remand is required), they shall risk incurring sanctions from this court if, following the district court's determination, on remand, of the appropriate quantum of Schneider's reasonable and necessary legal fees and costs, Perley-Robertson, et al., should take any action or file any pleadings or other writings that we might deem to be frivolous, dilatory, vindicatory, or contumacious.

## III

For the foregoing reasons, Perley-Robertson, et al.'s cross appeal is dismissed; the Order of the district court is affirmed in part, to the extent that it holds Schneider is entitled to reasonable attorneys' fees and costs; the Order of the district court is reversed in part, as to the amount of its award, and the issue of the quantum of fees and costs to be awarded is remanded with instructions; and the court is instructed to calculate and award additional attorneys' fees and costs incurred by Schneider in this appeal and in the proceedings on remand in that court.

6

AFFIRMED in part; REVERSED and REMANDED in part, with instructions; Cross-Appeal DISMISSED.